Submitted Jointly

| | |
|---|---|
| Chad M. Hagan (admitted *pro hac vice*) | Jennifer A. Golinveaux (SBN 203056) |
| chad.hagan@hnbllc.com | jgolinveaux@winston.com |
| Joseph H. Boyle (admitted *pro hac vice*) | Andrew P. Bridges (SBN 122761) |
| joe.boyle@hnbllc.com | abridges@winston.com |
| **HAGAN NOLL & BOYLE LLC** | Matthew A. Scherb (SBN 237461) |
| 820 Gessner, Suite 940 | mscherb@winston.com |
| Houston, TX 77024 | **Winston & Strawn LLP** |
| Telephone: (713) 343-0478 | 101 California Street |
| Facsimile: (713) 758-0146 | San Francisco, CA 94111-5802 |
| | Telephone: (415) 591-1000 |
| David A. Van Riper (SBN 128059) | Facsimile: (415) 591-1400 |
| dave@vanriperlaw.com | |
| **VAN RIPER LAW** | Peter Perkowski (SBN 199491) |
| 1254 Irvine Blvd., Suite 200 | pperkowski@winston.com |
| Tustin, CA 92780 | **Winston & Strawn LLP** |
| Telephone: (714) 731-1800 | 333 S. Grand Avenue |
| Facsimile: (714) 731-1811 | Los Angeles, CA 90071-1543 |
| **Attorneys for Plaintiffs** | Telephone: (213) 615-1700 |
| | Facsimile: (213) 615-1750 |
| | **Attorneys for Defendant** |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN EDWIN SCHEIBE, individually and d/b/a NFUSIONONLINE.COM and d/b/a NFUSION FTA, FORWARD MOTION, INC., a California Corporation, and FORWARD MOTION PRODUCTS, LLC, a Nevada Limited Liability Company,<br><br>Defendants. | **Case No. 2:10-cv-04561-SJO-E**<br><br>**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>JS-6 |

# CONSENTFINAL JUDGMENT & PERMANENT INJUNCTION

Upon stipulation by the Parties, the Court hereby **ORDERS** and **ADJUDGES** as follows:

(1) Defendants and anyone acting in active concert or participation with, or at the direction or control of Defendants are hereby **PERMANENTLY ENJOINED** from:

1) offering to the public or otherwise providing, any nFusion or iLink brand satellite television receivers, 8PSK Turbo Forward Error Correction ("TFEC") Modules/Boards (regardless of brand name), and any television receiver, tool, software, technology, product, device, component, or part thereof, through any means including Internet websites, that:

   a) is primarily designed or produced for the purpose of circumventing Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

   b) has only a limited commercially significant purpose or use other than to circumvent Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

   c) is knowingly marketed by any Defendants and/or others acting in concert with any Defendants with Defendants'

knowledge for use in circumventing Plaintiffs' security system, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform.

2) manufacturing, assembling, modifying, selling, and/or distributing any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of direct-to-home satellite services through any means including Internet websites;

3) intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as IKS and Control Word Sharing);

4) assisting others in intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as IKS and Control Word Sharing);

5) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, Access Cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing); and

6) Operating any website or URL that markets, promotes, distributes, or provides any information or discussion forums related to the tools, software, technologies, products, devices, components, or parts thereof, which Defendants are permanently enjoined from manufacturing, marketing, offering to the public, providing, distributing, or trafficking in pursuant to section (1)(a)-(e) above of this Agreed Final Judgment and Permanent Injunction.

(2) This Permanent Injunction takes effect immediately.

(3) Should any Defendant breach any part of this Consent Final Judgment or Permanent Injunction as determined by this Court, that Defendant shall be subject to damages in the amount of $110,000 for each such breach, which is the maximum statutory damage permitted per violation under 47 U.S.C. § 605(e)(3)(C)(i)-(ii).

(4) The Court further **ORDERS** judgment in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC on Plaintiffs' claims under 17 U.S.C. § 1201(a)(2) of the Digital Millennium Copyright Act [first claim of Count 2] and 47 U.S.C. § 605(e)(4) of the Communications Act [Count 4] as asserted in Plaintiffs' First Amended Complaint against Defendants. The Court awards damages in favor of Plaintiffs in the aggregate amount of $25,000,000.00 from and against Defendant Forward Motion, Inc. and Defendant Forward Motion, LLC. The remaining claims in Plaintiffs' First Amended Complaint are voluntarily dismissed with prejudice by Plaintiffs.

(5) The Court retains jurisdiction over this action for the purposes of enforcing this Consent Final Judgment and Permanent Injunction and adjudicating any disputes regarding the Parties' underlying Confidential Settlement Agreement, including but not limited to disputes regarding the enforcement or scope of the Confidential Settlement Agreement.

(6) Each of the Parties is to bear its own costs and attorney's fees.

(7) This is a final judgment. Any and all relief not expressly granted herein is denied.

**IT IS SO ORDERED**.

SIGNED and ENTERED this 27th day of _May_, 2011.

*S. James Otero*

_____
Hon. Judge S. James Otero
United States District Judge